# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 22-150V
(not to be published)

```
* * * * * * * * * * * * * * * * * * * * * *
                                          *
ARNOLD SAITOW,                            *     Filed:  July 6, 2022
                                          *
                Petitioner,               *     Reissued for Public Availability:
                                          *     August 2, 2022
        v.                                *
                                          *
SECRETARY OF HEALTH AND                   *
HUMAN SERVICES                            *
                                          *
                Respondent.               *
                                          *
* * * * * * * * * * * * * * * * * * * * * *
```

*Arnold Saitow,* Methuen, MA, *pro se* Petitioner.

*Alexa Roggenkamp,* U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION GRANTING PETITIONER COSTS[1]

On February 14, 2022, Arnold Saitow filed a petition *pro se* seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] He alleged that he experienced pneumonia due to his receipt of the Prevnar-13 ("pneumococcal") vaccine on December 21, 2021. (ECF No. 1) ("Pet.") at 1.

---

[1] Although I have not formally designated this Decision for publication, it will nevertheless be posted on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id.* Pursuant to Vaccine Rule 18(b), this Decision was initially filed on July 6, 2022, and the parties were afforded 14 days to propose redactions. The parties did not propose any redactions. Accordingly, this Decision is reissued in its original form for posting on the court's website.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

On June 30, 2022, pursuant to Vaccine Rule 21(a), Petitioner filed a notice of intent to withdraw his Petition, as he was now alleging that the Covid-19 vaccine, not the pneumococcal vaccine, caused his injuries. ECF No. 14. Pursuant to Vaccine Rule 21(a)(3) (and because the Covid-19 vaccine does not yet appear on the Vaccine Injury Table), Petitioner's case was dismissed without prejudice. ECF No. 16; *see* §11(c)(1)(A).

Petitioner has now made a request for return on the filing fee.[3] ECF No. 15. Respondent's counsel informally communicated with Chambers on July 6, 2022, noting that Respondent does not object to reimbursement of Petitioner's filing fee.

As is well understood in the Vaccine Program, even unsuccessful litigants can recover fees and costs. Section 15(e)(1). While *pro se* petitioners are not entitled to fees for their time in a matter, they can recover costs—which include the filing fee. *Grady v. Sec'y of Health & Hum. Servs.*, No. 17-509V, 2018 WL 4611611, at *2 (Fed. Cl. Aug. 7, 2018).

And here, I find the case possessed sufficient "reasonable basis" to allow this award. Accordingly, the requested cost is reasonable, and it shall be awarded in full without reduction.

Accordingly, I **GRANT** Petitioner's Motion in its entirety, and award a total of **$402.00** in the form of a check made payable to Petitioner.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[4]

**IT IS SO ORDERED.**

Brian H. Corcoran
Chief Special Master

---

[3] Petitioner requested a total of $450.00, but the filing fee and the amount paid was actually $402.00, so the total amount to be awarded shall be adjusted to $402.00.

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.